```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

AIMAN NAZIH DARWICH,            :

    Petitioner,              :

v.                              :
                                      CIVIL ACTION 06-579-WS-M

ALBERTO GONZALES,               :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,         :

    Respondents.             :


### REPORT AND RECOMMENDATION

      This is an action under 28 U.S.C. § 2241 by Aiman Nazih Darwich, a citizen and native of Lebanon, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[1]  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed as moot.

      In his petition, Darwich states that he entered this country on February 12, 2002 (Doc. 1, p. 6).  Petitioner asserts that he was taken into custody by agents of the U.S. Bureau of

---

[1] Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Immigration and Customs Enforcement (hereinafter *ICE*), on June 21, 2006, pursuant to a finding by an Immigration Judge that Darwich should be deported from this country (*id.* at pp. 6-7). Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 7-8). Darwich seeks release from custody (*id.* at p. 8). Petitioner filed this action on September 20, 2006 (Doc. 1).

Respondent subsequently filed a Supplemental Response, stating that Petitioner was deported to Lebanon on February 27, 2007 (Doc. 23). Attached to that Motion is a Declaration, dated March 9, 2007, from a Detention and Deportation Officer, stating that Darwich was removed from this country on February 27, 2007 (Doc. 23 Attachment). Respondent asserts that because Darwich is no longer in the custody of ICE or the U.S. Department of Homeland Security (hereinafter *DHS*), Petitioner's request is moot and this action should be dismissed (Doc. 25).

The Eleventh Circuit Court of Appeals has directly answered the question posed in this action, stating as follows:

> As we have explained on many occasions, Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." U.S. Const. art III, § 2. In turn, the "case or controversy" constraint imposes on federal courts a "dual limitation" known as "justiciability." *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 621 (11th Cir. 1994). "The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government

2

and guarantees that courts consider only matters presented in an actual adversarial context." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). Article III's case or controversy requirement provides "an important restriction on the power of the federal courts," which is necessary "[b]ecause the judiciary is unelected and unrepresentative." *Id.* (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir.1998)) (internal quotations omitted); *see also Allen v. Wright*, 468 U.S. 737-38, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) ("[T]he 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded.").

The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336. In fact, "dismissal is required because mootness is jurisdictional." *Id.* (citing, *e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes

> jurisdiction")).  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1217.
>
> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'"  *Al Najjar*, 273 F.3d at 1336 (quoting *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001)) (internal quotations omitted).  In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration."  *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1997) (emphasis added). Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."  *Al Najjar*, 273 F.3d at 1336.

*Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242-1243 (11th Cir. 2002).

Under these legal principles, it is clear that Darwich's petition is now moot because there is no case or controversy.  As Petitioner was removed from this country on February 27, 2007, he is no longer being held by ICE, the DHS, or, presumably, any other U.S. Government entity.  *See Soliman*, 296 F.3d at 1243. Furthermore, there is no reason to believe that Darwich will be detained again in the future, so this is not a case that meets "the narrow exception for cases that are capable of repetition

4

yet evading review." *Id.*

Because no case or controversy now exists with regard to this petition, it is recommended that this action be dismissed as moot.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

5

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 29th day of March, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
